Andres NINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–06–00150–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 8, 2007.

R.E. Wheelan, Houston, for appellant.

Carman Castillo Mitchell, Houston, for appellee.

Panel consists of Justices FROST, SEYMORE, and GUZMAN.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Andres Nino challenges his conviction for aggravated sexual assault of a child, asserting the trial court erred in (1) designating the outcry witness under article 38.072 of the Texas Code of Criminal Procedure, (2) allowing hearsay testimony into evidence, and (3) making an erroneous statement of the law to the venire panel. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant occasionally babysat his cousin Jane's two young sons, John, the complainant, and John's older brother, George, both of whom referred to appellant as "Andy" or "Tio Andy."[1] Appellant is

---

1. To protect the privacy of the complainant in this case, we identify the children and their mother by pseudonyms.

Jane's first cousin and has a young son about the same age as Jane's children. Appellant was caring for all three boys on October 8, 2004, when the incident forming the basis of appellant's conviction occurred.

John, who was about six years old at the time, forgot to flush the toilet after using the bathroom. Appellant asked the children who had forgotten to flush the toilet. When John acknowledged that he was the one at fault, appellant took John to appellant's bedroom and closed the door. As they stood next to the door, appellant took his own pants down, exposed his penis, and placed his penis in John's mouth. Appellant then put his hand behind John's head and pushed it toward his penis. Appellant told John to "suck it" and warned him not to throw up. When appellant was finished with John, he told the boy to go to the bathroom and flush the toilet.

Several weeks later, on Thanksgiving Day, Jane and her sons were getting ready to spend the holiday with her family. While John and George were in the shower, Jane, who was standing outside the open bathroom door, overheard John say to his older brother, "Andy made me suck it." George replied, "Suck what?" Jane then stepped into the bathroom and saw John gesturing with his penis. Jane asked John what he had just said, and John refused to respond. Jane told the boys to finish showering and get dressed so that they could talk. After the boys dressed themselves, they met with Jane in the living room. Jane told John she needed to know what appellant had done. After further questioning, John told Jane what had happened at appellant's house. Jane reported the offense to the police, and the following week she took John to the Children's Assessment Center. There, Aimee McAndrew, a forensic interviewer, questioned John during a recorded interview.

Appellant was arrested and charged by indictment with the felony offense of aggravated sexual assault of a child. Though he pleaded "not guilty," a jury found him guilty of the charged offense and assessed punishment at fifteen years' confinement in the Texas Department of Criminal Justice Institutional Division.

## II. Issues Presented

Appellant asserts the following issues on appeal:

(1) The trial court erred in admitting John's mother's outcry testimony under article 38.072, sections 1 and 2 of the Texas Code of Criminal Procedure;

(2) The trial court erred in designating the Children's Assessment Center's forensic interviewer (McAndrew), as the outcry witness under article 38.072, sections 1 and 2 of the Texas Code of Criminal Procedure;

(3) The trial court erred in allowing the State's expert witness to testify on matters allegedly outside her area of expertise;

(4) The trial court erred in allowing testimony that appellant was a former police officer; and

(5) The trial court erred in making an erroneous statement of the law on juror disqualification to the venire panel.

## III. Analysis

**A. Did the trial court reversibly err in admitting the complainant's mother's hearsay outcry testimony and in designating the forensic interviewer as the outcry witness?**

In his first issue, appellant contends the trial court abused its discretion in admitting John's outcry testimony through his mother (Jane) because this

testimony was hearsay and because the trial court did not designate Jane as the outcry witness under article 38.072, sections 1 and 2 of the Texas Code of Criminal Procedure. In his second issue, appellant argues the trial court erred in designating the forensic interviewer (McAndrew) rather than Jane as the outcry witness under this statute. We first address appellant's second issue.

Article 38.072 of the Texas Code of Criminal Procedure, which governs admissibility of outcry statements, provides that certain hearsay statements are admissible in the prosecution of certain offenses, including aggravated sexual assault against a child twelve years of age or younger. TEX.CODE CRIM. PROC. ANN. art. 38.072, § 1 (Vernon Supp.2005). This statute applies to "statements that describe the alleged offense" and that (1) were made by the child against whom the offense was allegedly committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *See id.* art. 38.072 § 2(a)(1), (2). This statute provides that such statements are not inadmissible because of the hearsay rule if certain requirements, which are not at issue here, are satisfied.[2] *Id.* art. 38.072 § 2(b).

A trial court's determination that an outcry statement is admissible under article 38.072 is reviewed for an abuse of discretion. *Garcia v. State,* 792 S.W.2d 88, 92 (Tex.Crim.App.1990). The Court of Criminal Appeals has construed the statute to apply to the first adult to whom the complainant makes a statement that "in some discernible manner describes the alleged offense." *Id.* at 91. This statement must be "more than words which give a

general allusion that something in the area of child abuse was going on." *Id.*

Before trial, the State gave notice to appellant of its intention to offer John's outcry statement through both Jane and McAndrew under article 38.072 of the Texas Code of Criminal Procedure. Outside the presence of the jury, appellant's counsel made an oral motion in limine in which he sought to have the State designate which of the two witnesses listed in the notice would be proffered as the outcry witness. In response to appellant's request, the trial court conducted a hearing to determine who would be designated as the outcry witness at trial. At the hearing, the State acknowledged that the mother (Jane) was the first adult to receive John's statement, but stated that the forensic interviewer (McAndrew) received a more detailed account of the events relating to the offense. On this basis, the State requested that the forensic interviewer be designated as the outcry witness, while the mother would testify only as to the initial statement she heard John make to George while the boys were in the shower. The State advised that if the forensic interviewer were designated the outcry witness, the mother would not testify as to the details she had received from John, but would offer testimony only in regard to the initial statement she overheard. After hearing argument from both sides, the trial court designated the forensic interviewer (McAndrew) as the outcry witness and instructed the State not to elicit any hearsay testimony from the mother (Jane).

Appellant contends the trial court should have designated Jane rather than McAndrew as the outcry witness because, based on John's statements in the shower and

---

**2.** Because appellant does not assert that these requirements are lacking, we need not discuss them.

later in the living room, Jane was the first adult to whom John made a statement that in some discernible manner described the alleged offense. We agree with appellant. The evidence before the trial court was sufficient to show that John had described the offense in a discernible manner to his mother before he talked to the forensic interviewer. At trial, the mother testified that she overheard her son, John say to his brother, George, "Andy made me suck it." The mother then heard George respond, "Suck what?" Upon opening the door to the bathroom, the mother saw John holding his penis in response to his brother's inquiry. Shortly thereafter, the mother met with the boys and had a discussion about what was said in the shower. John's mother testified that John was visibly upset and crying while he told her what had happened at appellant's house. John's mother also testified that John told her that it had happened when she was out of town, sometime in October 2004.

Under the undisputed evidence before the trial court, John's account of the event, as relayed to his mother, was more than a general allusion that something in the area of child abuse was going on.[3] Though the child's statements were not lengthy or detailed, they contained sufficient information about the nature of the act and the perpetrator to fall under article 38.072 of the Texas Code of Criminal Procedure. Therefore, the trial court abused its discretion in designating McAndrew, rather than Jane, as the outcry witness under section 38.072 of the Texas Code of Criminal Procedure. *Compare Klein v. State,* 191 S.W.3d 766, 780 (Tex.App.-Fort Worth 2006, pet. ref'd) (distinguishing *Garcia* and concluding that statements from complainant to teacher, such as "sometimes he messes with me" and that her dad "tickled her and sometimes touched her between her legs with his fingers, and sometimes he used his tongue" were sufficient to *identify in a discernible manner the type of* sexual abuse that was going on at home), *Brown v. State,* 189 S.W.3d 382 (Tex.App.-Texarkana 2006, pet. ref'd) (concluding that a counselor was not the proper outcry witness because child complainant described the offense in a discernible manner to her father and her father's girlfriend), *and Reed v. State,* 974 S.W.2d 838, 841 (Tex.App.-San Antonio 1998, pet. ref'd) (concluding that father of complainant, who was first to hear his daughter's and niece's allegations of abuse, was proper outcry witness in prosecution for indecency with a child; although children made general allegations of abuse to child-protection worker the next day, they had made more detailed statements to father the night before, when they told him how, when, and where defendant had touched them), *with Hinds v. State,* 970 S.W.2d 33, 35 (Tex.App.-Dallas 1998, no pet.) (finding mother proper outcry witness where complainant first told counselor in general terms, but gave mother more detail later), *Hayden v. State,* 928 S.W.2d 229, 231 (Tex. App.-Houston [14th Dist.] 1996, pet. ref'd) (concluding child-protection worker was proper outcry witness even though complainant first told school counselor of abuse, because no evidence that child gave counselor details of offense), *Turner v. State,* 924 S.W.2d 180, 183 (Tex.App.-Eastland 1996, pet. ref'd) (finding police officer proper outcry witness where complainant first told counselor of digital penetration and later told police of penile penetration, the offense charged), *and Schuster v. State,* 852 S.W.2d 766, 768 (Tex.App.-Fort

---

**3.** Therefore, the cases cited by the State, in which the appellate courts concluded the prior statement was only a general allusion that something in the area of child abuse was going on, are not on point.

Worth 1993, pet. ref'd) (finding psychologist proper outcry witness even though complainant told mother first, but child was so upset no details were provided); *see also Morrison v. State*, No. 2–05–443–CR, 2007 WL 614143, at \*2 (Tex.App.-Fort Worth Mar.1, 2007, no pet. h.) (holding trial court abused its discretion in determining that child forensic interviewer was outcry witness because complainant told his mother and her husband that defendant had made complainant suck defendant's penis) (mem. op., not designated for publication).

 Having found that the trial court abused its discretion in allowing McAndrew to testify as the outcry witness, we must conduct a harm analysis to determine whether this error affected appellant's substantial rights. *See* Tex.R.App. P. 44.2(b). We review this error as nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998). Improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex.Crim.App.1991). Without objection, both John and Jane testified at trial, each providing substantially the same account of the offense as McAndrew provided in her testimony. Thus, after examining the record as a whole, we conclude that the trial court's error in admitting McAndrew's testimony about the offense did not have a substantial and injurious effect or influence in determining the jury's verdict. *See Leday v. State*, 983 S.W.2d 713, 717–18 (Tex. Crim.App.1998) (concluding that party who objects to some evidence but fails to object to other substantially similar evidence waives any error in admission of objected-to evidence); *West v. State*, 121 S.W.3d 95, 105 (Tex.App.-Fort Worth 2003, pet. ref'd) (holding that error in admitting outcry testimony did not influence jury's verdict or had but a slight effect because complainant provided detailed testimony relating to offense); *Broderick v. State*, 35 S.W.3d 67, 74–75 (Tex.App.-Texarkana 2000, pet. ref'd) (concluding that admission of inadmissible hearsay, including erroneous designation of outcry witness, is nonconstitutional error, and it will be considered harmless if appellate court, after examining the record as a whole, is reasonably assured that error did not influence jury verdict or had but a slight effect); *Thomas v. State*, 1 S.W.3d 138, 142 (Tex.App.-Texarkana 1999, pet. ref'd) (holding that error in determining child complainant's mother was proper outcry witness and thus admitting her testimony about complainant's statements of sexual abuse by defendant under exception to hearsay rule was harmless, where record was replete with testimony from witnesses other than mother concerning complainant's statements about offense). Because we conclude the trial court's error was harmless, we overrule appellant's second issue.

In his first issue, appellant argues that the trial court abused its discretion in admitting John's outcry testimony through Jane because this testimony was hearsay and because the trial court did not designate Jane as the outcry witness under article 38.072, sections 1 and 2 of the Code of Criminal Procedure. Though appellant is correct that the trial court decided that McAndrew rather than Jane would be the outcry witness, at appellant's urging, we have determined the trial court should have designated Jane as the outcry witness. As the outcry witness, Jane could properly testify to the matters in dispute, and her testimony is not inadmissible because of the hearsay rule. *See* Tex.Code Crim. Proc. Ann. art. 38.072, § 2(b). Accordingly, we overrule appellant's first issue.

## B. Did the trial court abuse its discretion in admitting the State's expert witness's testimony on matters allegedly outside her area of expertise?

In his third issue, appellant argues the trial court abused its discretion during the punishment phase of trial by allowing Dr. Judy Rambur, the State's expert witness, to testify as to matters allegedly outside her area of expertise. The State contends appellant failed to preserve error on this point because the complaint he asserts on appeal was not the objection he made in the trial court. To preserve error, the complaint on appeal must comport with the objection lodged in the trial court. *See Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex.Crim.App.2004) (stating "[i]t is well-settled that the legal basis of a complaint raised on appeal cannot vary from that raised at trial"); *see also Bell v. State,* 938 S.W.2d 35, 54 (Tex.Crim.App. 1996). Thus, as a threshold matter, we must determine if appellant has waived his complaint.

During Dr. Rambur's testimony, appellant's counsel objected on the basis of hearsay. The only mention that Dr. Rambur was testifying as to matters allegedly outside her area of expertise was made by the trial court during a bench conference outside the presence of the jury. During this conference, appellant's counsel did not voice any such objection. On appeal, appellant does not contend the trial court abused its discretion in allowing hearsay testimony, but contends only that the trial court erred in admitting Dr. Rambur's testimony because it was outside her area of expertise. Because the objection appellant asserted at trial is not the same objection he now urges on appeal, he failed to preserve his complaint for our review. *See Heidelberg,* 144 S.W.3d at 537; *see also Harrison v. State,* 1996 WL 491800, at *6 (Tex.App.-Houston [14th Dist.] Aug. 29, 1996, no pet.) (not designated for publication) (concluding that defendant failed to preserve error where he objected at trial to clinical psychologist's testimony on grounds that it was hearsay but complained on appeal that testimony constituted impermissible expert testimony). We therefore overrule appellant's third issue.

## C. Did the trial court abuse its discretion during the guilt/innocence phase of trial in overruling appellant's objection to testimony that appellant was a former police officer?

In his fourth issue, appellant contends that during the punishment phase, the trial court erred in allowing testimony that he was a former police officer. Appellant asserts that this testimony was irrelevant and that the danger of unfair prejudice outweighed any probative value. *See* Tex.R. Evid. 401, 403. However, appellant did not voice an objection to this testimony under Texas Rule of Evidence 403; therefore, he failed to preserve error as to this complaint. *See Heidelberg,* 144 S.W.3d at 537. Likewise, though appellant asserted a relevancy objection under Texas Rule of Evidence 401, he did not do so until after (1) the State propounded a leading question laced with this information, (2) the police officer answered affirmatively, and (3) the State propounded another question. To preserve error, a defendant must make a timely objection. *See* Tex. R.App. P. 33.1(a); *Lagrone v. State,* 942 S.W.2d 602, 618 (Tex.Crim.App.1997). If a defendant does not object until after an objectionable question has been answered, and he can show no legitimate reason to justify the delay, his objection is untimely, and any error is waived. *Lagrone,* 942 S.W.2d at 618. Because appellant's objection was untimely, it was insufficient to preserve error. *See id.* But even if appellant had not waived this complaint, we

could not conclude that allowing this testimony was reversible error. Accordingly, we overrule appellant's fourth issue.

**D. Did the trial court err in making an erroneous statement regarding the law of juror disqualification to the venire panel?**

In his fifth issue, appellant complains of the following comments made by the trial court during voir dire: "You cannot have been convicted of a moral turpitude misdemeanor" and "What is that? It's really prostitution or theft case." Appellant, however, failed to object to these allegedly improper statements. By failing to object, appellant forfeited any right to complain about these statements on appeal. *See Williams v. State*, 622 S.W.2d 116, 119 (Tex.Crim.App.1981). Appellant does not argue that the trial court's alleged error was fundamental, that it bears upon the presumption of appellant's innocence, that it vitiates the jury's impartiality, or that there is any other basis by which he might be excused from preserving error. *See Jasper v. State*, 61 S.W.3d 413, 421 (Tex.Crim.App.2001) (stating that there was no issue as to whether appellant was excused from preserving error under rationale of plurality opinion in *Blue v. State*, 41 S.W.3d 129, 132 (Tex.Crim.App. 2000) because trial court's comments did not rise to the level of fundamental error or taint presumption of appellant's innocence, or vitiate jury's impartiality). Because appellant did not make the objection at trial, he waived his right to complain of any error that might have occurred during voir dire as a result of the statements made by the trial court. *See Williams v. State*, 622 S.W.2d 116; *see also Hudson v. State*, No. 14–05–00358–CR, 2006 WL 2167220, at *4 (Tex.App.-Houston [14th Dist.] Aug. 1, 2006, pet. ref'd) (not designated for publication). Accordingly, we overrule appellant's fifth issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.