Opinion issued February 14, 2008




 





 








In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00884-CR
               



MARTIN J. URIBE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1015637




MEMORANDUM OPINION
          Appellant, Martin J. Uribe, appeals from his conviction for the felony offense
of resisting arrest for which he was sentenced to six years in prison. See Tex. Penal
Code Ann. § 38.03(a), (d) (Vernon Supp. 2007). Appellant was indicted for
aggravated assault of a public servant, he pleaded not guilty, and a jury found him
guilty of the lesser felony of resisting arrest. After appellant pleaded true to a
punishment enhancement paragraph, the court found the allegation true and sentenced
him. In his sole issue, appellant contends that the trial court erred by making an
erroneous statement regarding the law of juror disqualification to the venire. We
conclude that the error, if any, was waived due to the failure to assert any objection
to the statement. We affirm the trial court’s judgment.
Background
          In February 2005, Jacinto City Police Department Officer Sexton stopped
appellant for speeding. Appellant had no proof of insurance and was driving with a
suspended driver’s license. As Officer Sexton attempted to handcuff and arrest
appellant, appellant hit the officer six times on the head. Appellant entered his truck
to flee and turned on the ignition, but then turned it off when the officer ordered him,
at gunpoint, to stop. The officer holstered his gun when the engine was turned off. 
However, appellant re-started the engine, driving away with Sexton clinging to the
side of the truck. Officer Molina, who arrived during the altercation, fired six to eight
shots toward appellant, but appellant kept going. While appellant fled in the truck,
Officer Sexton fell to the ground, receiving injuries to both hands, in addition to
contusions on his head and neck. 
          Appellant pleaded not guilty. During voir dire, the trial court stated,
So let’s quickly go over the requirements since you know what they are. 
You have to be a resident, live here in Harris County, Texas. You
cannot be convicted of a felony - - any felony in this state or any other
state. You cannot be on any type of felony probation. You cannot be
awaiting trial for a felony matter. You cannot have been convicted of a
misdemeanor involving moral turpitude. What is that? Basically, it is
a compilation of several offenses, mainly being prostitution and theft. 
You cannot have been convicted for prostitution or theft or be awaiting
trial for prostitution or theft. You must read and write and understand
English fluently.

Appellant did not object to the trial court’s statement, nor did anyone discuss further
the matter of disqualification from service due to a conviction for a crime involving
moral turpitude. 
          After the State and appellant’s attorney questioned the venire, the trial court
inquired whether either side wished to make any challenges for cause. The attorneys
agreed to excuse juror number six, who said he could not sit in judgment of another. 
The State challenged juror number three on the ground that the juror said he did not
think he would be a good juror, but the trial court denied the challenge. Appellant
asked for no challenges for cause. The jury was empaneled after the State and
appellant each made peremptory strikes. The jury found appellant guilty of the lesser
felony offense and the trial court sentenced appellant to the penitentiary.
          Appellant filed a motion for new trial and motion in arrest of judgment, but did
not assert any complaint concerning the trial court’s statements during voir dire.
Statement by Trial Court During Voir Dire
          In his sole issue on appeal, appellant contends the trial court erred by making
an erroneous statement regarding the law of juror disqualification to the venire. 
Appellant challenges the trial court’s statement to the jurors that individuals could not
serve on the jury if they “have been convicted for prostitution or theft or be awaiting
trial for prostitution or theft.” Appellant also challenges the trial court’s statement
telling prospective jurors that they could not serve if they had “been convicted of a
misdemeanor involving moral turpitude.” Appellant contends that the trial court
misstated the law because the Texas Code of Criminal Procedure and the Texas
Government Code do not disallow jury service by a person convicted of misdemeanor
prostitution, even though it is a crime of moral turpitude.



          The State responds that the error, if any, is waived because appellant did not
object to the trial court’s remarks. Alternatively, the State contends that under section
62.102(4) of the Government Code, the trial court could disqualify persons without
good moral character, which would make the trial court’s statements, “although
somewhat confusing, accurate.” See Tex. Gov’t Code Ann. § 62.102(4) (Vernon
2007). 
          To preserve error concerning the trial court’s statement to the
venire—conveying that a juror convicted of misdemeanor involving moral turpitude
such as prostitution or theft cannot serve on the jury—an appellant must object or, on
appeal, he forfeits the right to challenge the statement. See Nino v. State, 223 S.W.3d
749, 756 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that error waived
by failing to object to comment by trial court during voir dire, stating, “You cannot
have been convicted of a moral turpitude misdemeanor” and “What is that? It’s really
prostitution or theft case.”) (citing Williams v. State, 622 S.W.2d 116, 119 (Tex.
Crim. App. 1981)). Appellant does not argue that the trial court’s alleged error was
fundamental,


 that it bears upon the presumption of appellant’s innocence, that it
vitiates the jury’s impartiality, or that there is any other basis by which he might be
excused from preserving error. See id. Because appellant did not make the objection
at trial, he waived his right to complain of any error that might have occurred during
voir dire as a result of the statement made by the trial court. See id. We overrule
appellant’s sole issue.
 Conclusion
          We affirm the trial court’s judgment.
 
 
Elsa Alcala
Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. See Tex. R. App. P. 47.2(b).