*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-09-00343-CR

Roberto Benito **MONTIEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2006-CRS-774-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: May 5, 2010

AFFIRMED

In a single issue on appeal, Roberto Benito Montiel challenges his conviction for indecency with a child  by contact, asserting that the trial court erred in allowing the designated outcry witness to testify.  We affirm the judgment of the trial court.

## BACKGROUND

During an outcry hearing held outside the jury's presence, Jesus Gonzalez testified that when Carmen,[1] his step-granddaughter, was nine and a half or ten years old, she told him that her maternal grandfather, Montiel, fondled her. Carmen told Gonzalez about the fondling while her mother was in the hospital in a coma. Gonzalez was attempting to "prepare [Carmen] psychologically" for her mother's impending death when she became upset and started screaming and crying and said that her grandfather had touched her. Gonzalez asked Carmen whether the touching was innocent, *i.e.*, whether Montiel touched her back, and she said no, that he had fondled her. Carmen told Gonzalez the incident occurred in the afternoon, between school and going to the hospital. The defense objected to Gonzalez as the outcry witness due to Carmen's lack of detail to him about the sexual contact made by Montiel. The trial court found Carmen's statement to Gonzalez to be reliable based on time, content, and circumstances, and Gonzalez was designated as the outcry witness. Gonzalez testified similarly before the jury.

Additionally, Carmen testified that Montiel touched her private parts, "like my breasts and under part, middle part." She stated the incident occurred in Montiel's bedroom; she had been sleeping, and when she awoke, she was not wearing underwear and Montiel's hand was in her shirt touching her breasts. She then called her uncle, Cesar Mata, who was in the other room; Montiel moved, and Carmen dressed and went to her friend's house. Mata testified that upon entering Montiel's bedroom, he saw Carmen on the bed with a blanket covering her from the waist up and her knees bent. Montiel was very close to Carmen's vaginal area and had a lot of saliva on his mouth.

---

[1] Carmen is the pseudonym used to refer to the complainant at trial.

A portion of a video interview conducted at the Child Advocacy Center was played for the jury. In the video, Carmen told a counselor that Montiel touched her through her clothing in his bedroom. She further stated that he touched her middle part with his hands and that it hurt. Carmen stated this incident occurred when she was asleep and that she called for her uncle Cesar when she realized what was happening. She also told the counselor that the incident occurred when she was ten years old and her mother was in the hospital.

Dr. Gregorio Pina, III, a licensed child psychologist, testified that he evaluated Carmen during three sessions. Carmen told Dr. Pina that Montiel touched her middle part while she was sleeping on his bed, and using Lincoln Logs for demonstrative purposes, she pointed to her vagina to indicate where she was touched. Dr. Pina acknowledged that Carmen's symptoms were consistent with child sexual abuse. Detective David Buenrostro of the Laredo Police Department testified that he interviewed Montiel at the police department a few months after Carmen's outcry. Montiel initially denied any wrongdoing and then stated that Carmen had touched him. Montiel's written statement was introduced into evidence; in it, he states that on one occasion Carmen was lying in his bed when she grabbed his hand and placed it on her private part. He also remembered Carmen kissing him on the mouth one time, and making him touch her private parts three times.

## DISCUSSION

In his sole issue on appeal, Montiel contends the trial court erred in allowing Jesus Gonzalez to testify as the State's outcry witness. Montiel argues Carmen's statement to Gonzalez regarding the incident in question was not detailed enough to qualify him as an outcry witness. We review a trial court's designation of an outcry witness under an abuse-of-discretion standard. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Reed v. State*, 974 S.W.2d 838, 841 (Tex.

App.—San Antonio 1998, pet. ref'd). A trial court's designation of an outcry witness will be upheld when supported by the evidence. *Garcia*, 792 S.W.2d at 92.

Under article 38.072 of the Texas Code of Criminal Procedure, some hearsay statements are admissible in prosecuting certain offenses, including indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 1(1) (Vernon Supp. 2009). Specifically, the statute applies to "statements that describe the alleged offense" and that (1) were made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *Id*. § 2(a) (Vernon Supp. 2009). The Court of Criminal Appeals has construed the statute to apply to the first adult to whom the complainant makes a statement that in "some discernible manner describes the alleged offense." *See Garcia*, 792 S.W.2d at 91. For the statute to apply, the statement must be more than words that give a "general allusion" that child abuse has occurred. *Id.* "Simply put, the outcry witness is the first adult to whom the child tells 'how, when, and where' of the assault." *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd); *Hanson v. State*, 180 S.W.3d 726, 730 (Tex. App.—Waco 2005, no pet.); *see also Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd).

We agree that Carmen, the victim, did not relay sufficient details of Montiel's conduct to Gonzalez. Carmen did not tell Gonzalez the "how, when, and where" Montiel touched her, but instead generally stated that he "fondled" her. *Reyes*, 274 S.W.3d at 727; *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd) (child's statement to mother that appellant had been performing oral sex on him did not relay any specific details about the charged offense for purposes of determining proper outcry witness); *Castelan v. State*, 54 S.W.3d 469, 475-76 (Tex.

App.—Corpus Christi 2001, no pet.) (grandmother was not proper outcry witness because victim did not relay specific details of the abuse but only stated appellant "put his thing in through the back"). Accordingly, on this record, we conclude the trial court abused its discretion in designating Gonzalez as the proper outcry witness because Carmen's statements to him did not contain sufficient information about the nature of the abuse to meet the requirements of article 38.072. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a); *Garcia*, 792 S.W.2d at 91.

Having determined that the trial court erred, we must conduct a harm analysis to determine whether this error affected Montiel's substantial rights. *See* TEX. R. APP. P. 44.2(b). We review this error as nonconstitutional error. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Because the same or similar evidence was admitted without objection at trial, we hold the error was harmless. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991). The record reflects that three other witnesses, as well as the victim herself, testified without objection to Montiel's touching of Carmen in more specific detail. Thus, we cannot conclude that the trial court's error in admitting Gonzalez's testimony about the offense had a substantial and injurious effect or influence in determining the jury's verdict. *See Nino*, 223 S.W.3d at 754 (citing *Leday v. State*, 983 S.W.2d 713, 717-18 (Tex. Crim. App. 1998) (concluding that party who objects to some evidence but fails to object to other substantially similar evidence waives any error in admission of objected-to evidence)); *West v. State*, 121 S.W.3d 95, 105 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding that error in admitting outcry testimony did not influence jury's verdict or had but a slight effect because complainant provided detailed testimony relating to offense); *Broderick v. State*, 35 S.W.3d 67, 74-75 (Tex. App.—Texarkana 2000, pet. ref'd) (concluding that admission of inadmissible hearsay, including

erroneous designation of outcry witness, is nonconstitutional error, and it will be considered harmless if appellate court, after examining the record as a whole, is reasonably assured that error did not influence jury verdict or had but a slight effect); *Thomas v. State*, 1 S.W.3d 138, 142 (Tex. App.—Texarkana 1999, pet. ref'd) (holding that error in determining child complainant's mother was proper outcry witness and thus admitting her testimony about complainant's statements of sexual abuse by defendant under exception to hearsay rule was harmless, where record was replete with testimony from witnesses other than mother concerning complainant's statements about offense). Because we conclude the trial court's error was harmless, we overrule Montiel's issue on appeal and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice

DO NOT PUBLISH