**Affirmed and Memorandum Opinion filed July 17, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00894-CR

_____

### XAVIER ALEXANDER AUSTIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1252434**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Xavier Alexander Austin, of capital murder. The trial court sentenced appellant to life in prison without the possibility of parole. Appellant raises five issues on appeal. We affirm.

### BACKGROUND

On the morning of June 3, 2009, a robbery at a convenience store resulted in the shooting deaths of two store clerks. Police were subsequently tipped off to a

possible suspect, Minh Truong. Truong gave police the names of Casey Carmon, Herbert Nash, and someone nicknamed "Fui." Police investigation ultimately suggested appellant was the individual known as "Fui." Appellant was located and voluntarily gave a statement to police. Appellant identified Truong, Carmon and Nash in photo arrays.

According to his statement, appellant drove all three in a white Crown Victoria provided by Nash to the convenience store and parked the car out of view of the store. Nash stayed in the car; Truong and Carmon went into the store, and then ran out. Carmon was saying "I shot 'em," and appellant saw he had a little gun. Appellant stated he did not see the gun before and no one else had a gun. Appellant admitted he knew they were going to rob the store but said he did not know they were going to shoot anyone. Appellant did not know whether the clerks were dead or alive when they left. Appellant denied that he and Nash sent the "kids" in to rob the store.

Truong testified for the State. According to Truong, Nash was the one who planned the crime and acquired the gun. Appellant was the driver and chose Carmon, who Truong knew only as "Youngster," to be the gunman. Truong's role was to get the money and Carmon's was to hold the gun. Truong testified the car pulled in on the back side of the store to avoid being seen. Appellant was driving, Nash was in the front passenger seat, and Carmon was in the back seat behind appellant when Nash took the gun out of the glove compartment, removed the white cloth around it, and handed it to Carmon. Carmon cocked the gun and asked, "how we going to do this?" Carmon was told "What you do is you go in, you hold the people down, and what I do, I go in there, grab the money."

Truong testified that when they entered the store, Carmon pointed the gun at the head of the clerk at the register, and the clerk went for the gun. They wrestled

2

for it, Carmon fired a few shots, and the clerk fell to the ground. Truong did not grab the money, but took off running to the door. He saw the other clerk and thought he was reaching for a gun. Truong screamed at Carmon "that dude's got a gun," and Carmon fired shots at the second clerk. They both ran out to the car and appellant drove everyone away from the scene "[a]s fast as he could." According to Truong, the arrangement was to split the money four ways. They drove back to appellant's house. Truong testified Nash and appellant were disappointed because Truong was supposed to get the money regardless of whether anyone was shot.

Appellant was charged with capital murder based on the law of parties and Truong was identified as an accomplice as a matter of law. The jury found appellant guilty.

ANALYSIS

In his first issue, appellant claims his substantive rights were violated when the State was allowed to repeatedly bolster the credibility of its accomplice witness, Truong, with inadmissible testimony. Appellant's second issue argues the trial court erred in denying his objection to the prosecution's bolstering of Truong.

Appellant refers the court to only one objection to bolstering. The record reflects the objection was made after the question was answered by Truong. A defendant must make a timely objection to preserve error. *See* Tex. R. App. P. 33.1(a); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). "If a party fails to object until after an objectionable question has been asked and answered, and the party does not show a legitimate reason justifying the delay, the objection is untimely and any error is waived." *Wright v. State*, 374 S.W.3d 564, 582 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Because appellant's objection was untimely, it was insufficient to preserve error. *See Nino v. State,* 223 S.W.3d 749, 755 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

3

Appellant's other complaints of bolstering refer to testimony to which no objection was lodged. Accordingly, nothing is presented for our review. *See* Tex. R. App. P. 33.1(a). Issues one and two are overruled.

In issue three, appellant asserts the trial court erred in overruling his objection to the State's witness speculating as to appellant's intentions. The record reflects the objection was made after the question was answered by the witness. As noted above, an untimely objection fails to preserve error. *See* Tex. R. App. P. 33.1(a); *Lagrone*, 942 S.W.2d at618; and *Wright*, 374 S.W.3d at 582. Issue three is overruled.

Appellant's fourth and fifth issues claim the trial court erred in overruling objections made during the State's redirect examination of Investigator Dan Arnold. The following exchange occurred:

> Q. [the State]: Did you have to ask [Minh] Truong leading questions to get him to tell you what he knew about this case?
>
> [Defense Counsel]: Objection. That's improper, Judge. Also hearsay.
>
> [The State]: Your Honor, if I may. It's in response to defense counsel's questioning about –
>
> THE COURT: Overruled. Go ahead.
>
> Q. [the State]: Did you feel it was necessary to ask [Minh] Truong leading questions to get him to share with you what he knew about the murder of these men on June 3rd?
>
> A: Not at all, not Mr. Truong.
>
> Q. [the State]: If you had to compare his cooperativeness with Xavier Austin's cooperativeness during your interviews, who would you say was more cooperative?
>
> [Defense Counsel]: Objection. Relevance, Judge. Also calls for speculation.
>
> [The State]: Your Honor, if I may. He opened the door by asking about what [Minh] Truong told him.

THE COURT: Overruled.

A: I would judge Mr. Truong's cooperation far exceeded Mr. Austin's.

In his fourth issue, appellant claims the trial court erred in denying his objection to the State's question about whether Arnold had to ask Truong leading questions. Appellant asserts in issue five that the trial court erred in denying his objection to the State's query as to whether Truong was more cooperative than appellant. Appellant's brief argues the questions implied the jury should compare the cooperativeness of Truong to appellant and as such were not relevant and speculative.

Regardless of the propriety of the questions and their relevance to an issue in this case, the record does not show that any error in overruling defense counsel's objections would be reversible. Appellant concedes the alleged error is non-constitutional. We disregard non-constitutional error unless it affected a substantial right. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

In this case, not only Truong's testimony but also appellant's own statement established appellant's participation in the robbery: appellant said he knew Truong and Carmon intended to rob the store, he parked the car in a location that could not be seen from inside the store, and he waited there while the robbery was committed and then served as the getaway driver. In the context of the entire case against appellant, we conclude that the trial court's error, if any, did not have a substantial or injurious effect on the jury's verdict and did not affect appellant's substantial rights. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Thus, any error does not provide a basis for reversal. *See* Tex. R. App. P. 44.2(b). Appellant's fourth and fifth issues are overruled.

5

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.


/s/    J. Brett Busby
Justice


Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).