**Opinion issued December 20, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00651-CR

———————————

**JOSEPH GARNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1423865**

---

## MEMORANDUM OPINION

A jury found appellant, Joseph Garner, guilty of the felony offense of

indecency with a child by exposure[1] and the trial court assessed his punishment at

---

[1]    *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (West 2011).

ten years' confinement.  In two points of error, appellant contends that (1) the evidence is insufficient to sustain his conviction and (2) the trial court abused its discretion in admitting the outcry witness testimony because the complainant's "outcry" did not describe the alleged offense.

## Background

On May 12, 2014, appellant was indicted on a felony charge of indecency with a child by exposure.  The complainant, S.C., was twelve years old at the time of the alleged offense.  Trial began on July 21, 2015.

Pursuant to Code of Criminal Procedure article 38.072 §2(b)(2), the trial court conducted a hearing outside the presence of the jury on the admissibility of S.C.'s outcry statement to her mother, Tameka.  Tameka testified that, on April 5, 2014, she was resting in her bedroom after returning home from work when she heard S.C. run in the apartment and say that there was a man outside playing with himself. Tameka stated that she looked outside and yelled "hey," and that appellant looked at her and ran off.  Trial counsel objected to Tameka's testimony arguing that the contents of the statement were unreliable.  The trial court ruled that the testimony was reliable and permitted Tameka to testify as the outcry witness.

Naim, S.C.'s older brother, testified that he and his father were in the living room of their apartment when S.C. came inside and alerted them that something unusual had happened.  When Naim looked out of the window, he saw appellant

2

grabbing his penis inside his pants and squeezing it. Naim testified that when his mother came outside and yelled "hey," appellant ran off. Naim further testified that he began chasing appellant and saw appellant throw his bike over the gate in an attempt to get away. Pursuing appellant on foot, Naim saw him enter another apartment complex and eventually found appellant's bike parked outside one of the apartments. After police arrived, one of the officers entered the apartment and came out with appellant.

Tameka testified that, on April 5, 2014, she was resting in her bedroom after returning from work when she heard her daughter, S.C., run in the apartment and tell her father that there was a man outside playing with himself. When Tameka went outside and saw appellant standing there, she yelled "hey," and appellant looked at her and ran off. Tameka testified that she saw appellant throw his bike over the exit gate of the apartment complex, and that she and her family followed appellant into another apartment complex. They located appellant's bike outside of one of the apartments and called the police. An officer arrived, entered the apartment, and found appellant inside.

S.C. testified that while she was outside her apartment coloring on the sidewalk with her friends, she saw appellant standing by a wall, talking on his phone and playing with himself. S.C. testified that she saw appellant unzip his pants and pull out his penis, and start "jacking off" while looking at S.C. and her friends. S.C.

3

demonstrated for the jury the movement she saw appellant make with his hand. S.C. testified that she ran inside her apartment and told her dad. After she and her family followed appellant to another apartment complex, police were called and an officer arrived shortly thereafter. The officer then entered the apartment and came out with appellant.

At the conclusion of trial, the jury found appellant guilty of the charged offense and sentenced him to ten years' confinement. This appeal followed.

## Sufficiency of the Evidence

In his first point of error, appellant contends that the evidence in insufficient to sustain his conviction for indecency with a child by exposure because the witnesses' testimony conflicted with regard to whether appellant exposed his genitals.

### A. Standard of Review and Applicable Law

We review appellant's challenge to the sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2789. Because the jury is the sole judge of the credibility of the witnesses and of the weight given to their

testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our role on appeal is simply to ensure that the evidence reasonably supports the jury's verdict. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *see King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (noting appellate court may not re-evaluate weight and credibility of evidence produced at trial or otherwise substitute its judgment for that of trier of fact).

A person commits the offense of indecency with a child if, with intent to arouse or gratify the sexual desire of any person, the person exposes any part of the person's genitals, knowing that a child younger than seventeen years of age is present. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (West 2011).

## B. Analysis

Appellant contends that the evidence is insufficient because S.C.'s testimony that she saw appellant pull his penis from his pants and start "jacking off" is inconsistent with the testimony of Tameka and Naim that appellant's genitals were not exposed when they saw him.

During the guilt-innocence phase of the trial, Tameka testified that S.C. ran into the apartment and told her father that there was a man outside playing with himself. The record reflects that she did not testify as to whether she saw appellant

expose his genitals.[2]  Naim testified that he and his father were in the living room when S.C. came inside and alerted them that something unusual had happened. When Naim looked out of the window, he saw appellant grabbing his penis inside his pants and squeezing it.

It is the province of the jury to weigh conflicting evidence, and we resolve any inconsistencies in the evidence in favor of the verdict. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (holding that we do not re-evaluate weight and credibility of evidence when reviewing sufficiency of evidence). In this case, the jury resolved any conflicting evidence in favor of S.C.'s testimony that appellant exposed his penis. Reviewing the evidence in the light most favorable to the verdict and giving proper deference to the jury's role as factfinder, we hold that the evidence is legally sufficient to support appellant's conviction for indecency with a child. *See Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2789. We overrule appellant's first issue.

---

[2]     At the article 38.072 hearing, Tameka testified that appellant's genitals were not exposed when she saw him standing outside. This testimony, however, was elicited outside the presence of the jury for the purpose of determining the reliability of S.C.'s outcry statement and, therefore, does not impact our sufficiency analysis.

**Outcry Testimony**

In his second point of error, appellant argues that the trial court abused its discretion by admitting Tameka's outcry witness testimony because S.C.'s "outcry" did not describe the alleged offense.

**A. Standard of Review and Applicable Law**

A court's decision that an outcry statement is reliable and admissible under article 38.072 is reviewed for an abuse of discretion. *Broderick v. State*, 89 S.W.3d 696, 698 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). A trial court does not abuse its discretion unless its ruling falls outside the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W. 3d 540, 542 (Tex. Crim. App. 2000).

Article 38.072 of the Code of Criminal Procedure, which applies to cases in which the defendant is charged with certain offenses against a child under the age of 14, provides a statutory exception to the rules against hearsay. *See* TEX. CODE CRIM. PROC. art. 38.072;[3] *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The statute allows a complainant's out-of-court statement to be admitted into evidence so long as that statement is a description of the alleged offense and is "offered into evidence by the first adult the complainant told of the offense."

---

[3] Article 38.072 applies to, inter alia, the prosecution of sexual offenses under Penal Code section 21.11 committed against children fourteen years of age and younger, as here. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West 2016).

7

*Sanchez*, 354 S.W.3d at 484. The outcry witness must have heard more than "a general allusion of sexual abuse" from the complainant. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (noting statement "must be more than words which give a general allusion that something in the area of child abuse was going on"). Instead, the complainant must describe the abuse in "some discernible manner[.]" *Id.*; *Bargas v. State*, 252 S.W.3d 876, 894 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

We need not determine whether the trial court abused its discretion in permitting Tameka to testify about S.C.'s outcry statement because error, if any, was harmless. The improper admission of inadmissible hearsay testimony under article 38.072 is non-constitutional error, and we will consider it harmless if we are reasonably assured that the error did not influence the verdict or had only a slight effect. *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see* TEX. R. APP. P. 44.2(b). Therefore, if the same or similar evidence is admitted without objection at another point in the trial, the error is harmless. *Nino*, 223 S.W.3d at 754 (citing *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991)).

Here, Tameka's outcry witness testimony was that she heard S.C. run into the apartment and tell her dad that there was a man outside playing with himself. In contrast, S.C. gave a more detailed account of the offense. Without objection, S.C.

testified that she saw appellant unzip his pants, pull out his penis, and start "jacking off." S.C. demonstrated for the jury the movement she saw appellant make with his hand. S.C. also testified that appellant was looking at her and her friends while playing with his penis, and that she ran inside the apartment and told her father. Naim also testified that when he looked out of the window after S.C. had run inside, he saw appellant grabbing his penis inside his pants and squeezing it. In addition, the State introduced, without objection, the 911 call reporting that a man was masturbating in front of a young female.

Because the same or similar evidence was admitted without objection at other points during the trial, we conclude that any error in admitting Tameka's testimony as the outcry witness did not have a substantial and injurious effect or influence in determining the jury's verdict. *See Nino*, 223 S.W.3d at 754 (holding that error in admitting outcry witness's testimony was harmless where complainant and mother provided "substantially the same account of the offense" as designated outcry witness); *Chapman v. State*, 150 S.W.3d 809, 814–15 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (holding improper admission of outcry testimony was harmless where similar testimony was admitted through complainant and pediatrician); *West v. State*, 121 S.W.3d 95, 105 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding that error in admitting outcry testimony did not influence jury's

verdict or had but slight effect because complainant provided detailed testimony relating to offense).  We overrule appellant's second point of error.

## Conclusion

We affirm the trial court's judgment.



Russell Lloyd
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).