**Affirmed and Memorandum Opinion filed August 29, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00443-CR

### JOE  DANIEL  HULL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1505624**

### MEMORANDUM  OPINION

A jury found appellant guilty of indecency with a child and assessed punishment at forty-five years' imprisonment. In a single issue, appellant contends that the trial court erred by designating the incorrect outcry witness. We affirm because the error, if any, was harmless.

The "outcry" statute excludes from hearsay a child's statements describing the alleged sexual offense that the child made to the first adult other than the defendant. *See* Tex. Code Crim. Proc. art. 38.072, § 2; *Sanchez v. State*, 354

S.W.3d 476, 484 (Tex. Crim. App. 2011). There can be only one outcry witness per event of sexual abuse. *See Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011).

In this case, the trial court allowed a forensic interviewer from the Children's Assessment Center to testify as the outcry witness. Appellant contends that the child's mother was the first adult to whom the child described the offense, and thus, the trial court erred by admitting the child's statements to the interviewer as the outcry witness. Assuming without deciding that the trial court erred, we hold that appellant was not harmed.

Generally, the erroneous admission of hearsay under the outcry–witness statute is non-constitutional error. *See Rosales v. State*, 548 S.W.3d 796, 808 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd); *Chapman v. State*, 150 S.W.3d 809, 814 & n.8 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Non-constitutional error regarding the admission of evidence requires reversal, i.e., is harmful, only if the error affects the defendant's substantial rights. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018); *see also* Tex. R. App. P. 44.2(b); Tex. R. Evid. 103(a). Error affects substantial rights if the error had a substantial and injurious effect or influence in determining the jury's verdict. *Gonzalez,* 544 S.W.3d at 373. If we have a fair assurance from examining the record as a whole that the error did not influence the jury, or had but a slight effect, we will not overturn the conviction. *Id.* Generally, error is harmless if very similar evidence is admitted without objection. *See Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010); *see also Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) ("It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged." (quotation omitted)).

In *Chapman*, for example, this court held that the admission of hearsay statements through the incorrect outcry witness was harmless because the witness's testimony was cumulative of other evidence—namely, the complainant's testimony, testimony from a doctor, and the doctor's report. *See* 150 S.W.3d at 814–15; *see also, e.g.*, *Rosales*, 548 S.W.3d at 808–09 (harmless error from admission of testimony of two outcry witnesses because the same or similar evidence was admitted through testimony of a doctor and the complainant); *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] no pet. 2007) (harmless error from improper designation of forensic interviewer as outcry witness because the child and mother provided substantially the same account of the offense); *West v. State*, 121 S.W.3d 95, 105 (Tex. App.—Fort Worth 2003, pet. ref'd) (harmless error to admit hearsay from mother who was not designated as outcry witness because the child gave detailed testimony about the assault); *Poole v. State*, 974 S.W.2d 892, 899 (Tex. App.—Austin 1998, pet. ref'd) (harmless error to admit hearsay from mother who was not properly designated as outcry witness because the children gave substantially the same testimony).

Here, the interviewer relayed the complainant's statements:

- The complainant said that appellant sexually abused her three times.

- One event was in a living room. The complainant had been watching "SpongeBob" on television when appellant came over to her, undid her pants, and touched her vagina. The complainant had been standing up at the time. She screamed, and appellant went back to washing dishes and pretended like nothing had happened.

- One event was in the parents' room. The complainant had been watching "Animal Planet," and appellant touched her genitals under her clothes.

- The touching hurt. Appellant's hand was "hard" because he worked on cars.

3

The complainant testified similarly:

- The touching happened three times.

- One event was in the living room. The complainant had been watching "SpongeBob" on television while her mother was taking a shower. Appellant told the complainant to pull down her pants and underwear. He touched her private part for a few minutes. When the shower turned off, appellant told her to pull up her pants, and he went and acted like he was washing dishes. When the mother asked the complainant what happened, the complainant told her "nothing." The living room incident was the most recent.

- The complainant thought another event occurred in a bedroom, but she was not sure. The complainant was watching an "animal show" when appellant started touching the complainant's private part. The bedroom incident happened before the living room incident.

- The complainant could not remember details about the third incident because she was younger. She just remembered appellant touching her.

- Appellant's hands felt rough.

A doctor at the Children's Assessment Center performed an examination on the complainant and testified about some statements the complainant made:

- Appellant touched the complainant's vaginal area and buttocks three times.

- The complainant described appellant reaching into the complainant's pants while the complainant's clothes were on. The complainant also described appellant removing the complainant's pants and underwear and putting them on the floor. The physician did not know if the complainant was describing the same event or different events.

- The touching hurt the complainant because "his hands are real hard."

The analysis in *Chapman* is controlling under the facts of this case. The complainant's hearsay statements admitted through the interviewer's testimony

4

were similar to the complainant's testimony and, to a lesser degree, the doctor's testimony. *See, e.g.*, *Chapman*, 150 S.W.3d at 814–15

Appellant contends that the interviewer's testimony nonetheless influenced the jury's assessment of the complainant's credibility because the interviewer (1) testified that she had interviewed over 800 children in her career; (2) testified that memory lapses were very common; and (3) emphasized her training in her assessment of the complainant's truthfulness. However, the trial court's alleged error of designating the interviewer as an outcry witness merely authorized the admission of the complainant's statements as substantive evidence of guilt. *See Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005). The interviewer's testimony regarding her experience, memory lapses in children, and an assessment of the complainant's truthfulness were not statements of the complainant. Thus, the trial court's alleged error of designating the interviewer as an outcry witness did not cause the admission of testimony other than the statements of the complainant. *Cf. Shaw v. State*, 329 S.W.3d 650–52 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (holding that a police officer who was not designated as an outcry witness could testify that the child's actions of disclosing abuse to multiple adults was "appropriate").

Having reviewed the record, we have a fair assurance that the alleged error—admission of the complainant's hearsay statements to the interviewer—did not influence the jury, or had but a slight effect, because very similar evidence was admitted elsewhere. *See, e.g.*, *Chapman*,150 S.W.3d at 814–15.

Appellant's sole issue is overruled. The trial court's judgment is affirmed.


/s/    Ken Wise
       Justice

5

Panel consists of Justices Wise, Jewell, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).