**Affirmed and Memorandum Opinion filed September 28, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00163-CR

**JOHNNY CARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1543907**

## MEMORANDUM OPINION

In this appeal from a conviction for aggravated sexual assault of a child, appellant raises two issues, both of which challenge the trial court's decision to admit the testimony of an outcry witness. For the reasons given below, we overrule both issues and affirm the trial court's judgment.

# BACKGROUND

Appellant was charged with sexually assaulting the complainant, who was his girlfriend's twelve-year-old granddaughter. He pleaded not guilty to that charge, and his case proceeded to a trial by jury.

During the trial, the complainant's grandmother testified that she had custody of the complainant, and that on the day of the offense they both went over to appellant's house to stay the night. The grandmother said that she woke up during the night and found that appellant was not by her side. She got out of bed and walked down the hall to find that the complainant's bedroom was unlocked. When she went inside, she discovered that appellant had pulled the complainant to the edge of the bed, and he appeared to be having sexual intercourse with her.

The grandmother hollered at the complainant, who was heavily medicated, and told her to call the police. The complainant ran to a neighbor's house and dialed 9-1-1. When the police were finally dispatched to the scene, officers discovered that the grandmother was bruised and that her clothes were deeply stained. The grandmother explained that, after she had caught him in the act, appellant physically attacked her and dragged her through a ditch.

Appellant was arrested and the complainant was taken to a hospital for a sexual assault examination. A nurse at the hospital collected several vaginal swabs, and subsequent testing of those swabs revealed the presence of sperm. A forensic analyst compared the DNA profile of that sperm to a known sample collected from appellant, and the analyst testified that appellant could not be excluded as a contributor of the sperm.

The complainant did not testify during the trial, but her statement of events was presented to the jury through a counselor, whom the trial court qualified as an

2

outcry witness. According to the counselor, the complainant said that appellant pulled her panties to the side and tried to penetrate her, but he was unable to penetrate her because she was "too tight."

Appellant did not testify in his own defense, but his counsel attacked the prosecution's case on several fronts. Counsel argued that the prosecution's theory was implausible because other people were in the house at the time of the alleged offense, and they never reported hearing or seeing a sexual assault. Counsel also suggested that the DNA evidence could not be believed because the vaginal swabs had been improperly stored and because certain witnesses involved in the DNA testing did not testify. Finally, counsel emphasized that the complainant had a reputation for being "vengeful, remorseless, a liar, and a thief."

The jury rejected these defensive arguments and convicted appellant as charged.

## OUTCRY WITNESS

The hearsay statement of a child victim of sexual assault may be admitted through the testimony of an outcry witness if the trial court determines in a hearing conducted outside the presence of the jury that the statement is reliable based on the time, content, and circumstances of the statement; and if the child testifies or is available to testify at the proceeding in court. *See* Tex. Code Crim. Proc. art. 38.072, § 2(b)(2)–(3).

Pursuant to this hearsay exception, the prosecution offered into evidence the hearsay statement of the complainant through the outcry testimony of her counselor. The trial court considered the prosecution's evidence outside the presence of the jury, and ruled that the evidence was admissible. Appellant now challenges that ruling, arguing in two separate points that the trial court abused its discretion by

implicitly finding that (1) the hearsay statement was reliable and (2) the complainant was available to testify.

The State responds that appellant failed to preserve error on either of these two points. We agree with the State. Appellant did not object during the outcry hearing or during the trial itself that the prosecution had failed to carry its burden of proving that the complainant's statement was reliable or that the complainant was available to testify. Appellant's only objection was that the counselor was not the proper outcry witness because the complainant had disclosed the details of her sexual abuse to another adult first. Because appellant did not lodge an objection in the trial court on the grounds for which he now complains, we conclude that error has not been preserved. *See* Tex. R. App. P. 33.1 (requiring timely objections as a prerequisite to presenting a complaint for appellate review); *Spielbauer v. State*, 622 S.W.3d 314, 318 (Tex. Crim. App. 2021) (explaining that the preservation rules are designed "to prevent blindside attacks on the trial court's rulings").

Even if error had been preserved, we would overrule appellant's remaining arguments on the merits.

Beginning with his reliability complaint, appellant argues that there are many reasons why the trial court should not have found that the complainant's statement was reliable. He emphasizes such factors as (1) the complainant had been taking sleeping medication at the time of the alleged assault; (2) the complainant did not make an outcry statement to either a nurse or child advocate, whom she saw before the counselor; and (3) the complainant had a documented history of mental health disorders and of lying.

Even if true, none of these factors is dispositive. Reliability findings are made on a case-by-case basis, and we review such findings for an abuse of discretion. *See Torres v. State*, 424 S.W.3d 245, 257 (Tex. App.—Houston [14th Dist.] 2014, pet.

4

ref'd). In exercising that discretion, the trial court may consider several indicia of reliability, including whether the accused had the opportunity to commit the offense, and whether the child's statement is corroborated by other evidence. *Id.*

Both of these indicia are pertinent here. By the time of the outcry hearing, the trial court had a substantial basis for finding that appellant had the opportunity to commit the offense. There had already been testimony that the offense occurred in appellant's own home, at a time when appellant knew that the complainant might be impaired because of her sleeping medication. Also, the trial court was aware of other evidence that corroborated the outcry statement. In particular, the grandmother had already testified that she witnessed appellant appearing to have sexual intercourse with the complainant. A sexual abuse nurse examiner had also testified that she found injuries to the complainant's vagina in the hours after the alleged assault. Based on this affirmative evidence, the trial court did not abuse its discretion by implicitly finding that the complainant's outcry statement was reliable. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990) (upholding a trial court's findings on the admissibility of an outcry statement because the findings were supported by the evidence).

Turning next to the availability complaint, appellant argues that the trial court abused its discretion by implicitly finding that the complainant was available to testify. He refers to such factors as (1) the complainant did not actually testify, (2) there was no indication from the record that the complainant was ever present in the courthouse, and (3) there was no explanation as to why the prosecution did not call the complainant as a witness. Once again, these factors are not dispositive.

The trial court heard direct testimony from the grandmother—who was the complainant's guardian—that the complainant was available to testify. The trial court also heard similar testimony during the outcry hearing that the counselor

5

believed that the complainant was available to testify. The trial court was free to credit this testimony, especially when that testimony was unchallenged by the defense.

Appellant nevertheless argues that the testimony was "scant" and cannot support the trial court's decision. The only authority that he cites in support of that argument is the lower court decision in *Rodriguez v. State*, 802 S.W.2d 716 (Tex. App—San Antonio 1990), *aff'd as reformed*, 819 S.W.2d 871 (Tex. Crim. App. 1991). We are not bound by that lower court, and in any event, that decision is distinguishable on the facts. The issue in *Rodriguez* focused on a six-year-old girl's competency to testify through a closed-circuit television. *Id.* at 720–21. There has been no suggestion that the complainant in this case, who was fourteen at the time of trial, was incompetent like the child in *Rodriguez*.

Even if we were to further assume for the sake of argument that the trial court abused its discretion by admitting the complainant's outcry statement through the counselor, we would not conclude that appellant was entitled to any relief.

Harm in the admission of improper outcry testimony is reviewed under the standard for nonconstitutional error. *See Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Under that standard, nonconstitutional error must be disregarded unless it affects a defendant's substantial rights. *See* Tex. R. App. P. 44.2(b). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence on the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error had no influence or only a slight effect on the verdict, the error is harmless. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

In this case, the outcry testimony was that appellant pulled the complainant's panties to the side and tried to penetrate her, but he was unable to penetrate her

because she was "too tight." That testimony was consistent with the testimony from the grandmother, who said that she did not see any penetration, but she did see appellant "pulling [the complainant] to the side and he was between her legs." Because the grandmother's testimony was properly admitted without objection, any error in the admission of the outcry testimony was not likely to be harmful. *See Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (the improper admission of testimony from a forensic interviewer was harmless because the same or similar testimony was properly admitted by the child complainant's mother).

Moreover, the jury heard compelling forensic evidence. A nurse testified that there were injuries to the complainant's vagina. Also, a DNA analyst testified that sperm was collected from the complainant's vagina, and that appellant could not be excluded as the contributor of that sperm. Because this DNA evidence overwhelmingly demonstrated appellant's guilt, we cannot say that any improper admission of the outcry testimony had a substantial and injurious effect on the jury's verdict. We therefore conclude that any such error was harmless.

## CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).