**Affirmed and Opinion filed July 12, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00094-CR
## NO. 14-17-00095-CR

## LOUIS H. WEST, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause Nos. 1452365 & 1452366**

## O P I N I O N

Appellant Louis H. West appeals two convictions for indecency with a child, asserting that (1) the trial court abused its discretion in overruling appellant's objection under Texas Rule of Evidence 403 to the admission of prior convictions during the guilt/innocence phase; (2) an assertion made by the State during its opening statement violated appellant's due-process and due-course-of-law rights; and (3) the trial court erred by failing to give a limiting instruction when the State

made this assertion during its opening statement. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2014, two female cousins, one seven years old and one ten years old, and the sister of one of the cousins were playing at a convenience store where the mother of one of the cousins worked. Appellant was a regular customer at the store and knew the girls and the mother. After taking the girls to a nearby playground, appellant asked the mother if he could take the girls to his apartment to watch television, and the mother agreed.

Appellant took the girls to his apartment. At some point during the visit appellant called the ten-year-old cousin into his room. Appellant touched her genitals and told her not to tell anyone. Appellant asked the seven-year-old cousin to enter his room, and he touched her genitals, over her underwear. Appellant then returned with the girls to the convenience store before the mother finished her shift.

That evening, the seven-year-old cousin told her mother what had happened in appellant's apartment, and her mother called the ten-year-old cousin's mother and the police. Both cousins went to the Harris County Children's Assessment Center, where they underwent a forensic interview and medical examinations.

Appellant was charged in two indictments with offenses of indecency with a child. The two offenses were tried together to a jury. During the State's case-in-chief, both complainants testified and each of their mothers testified as outcry witnesses. Erika Gomez, a Children's Assessment Center forensic interviewer, testified, as did Dr. Reena Isaac, a pediatrician who performed a medical evaluation of each complainant. The third child who went to appellant's apartment also testified. In addition, the trial court admitted evidence that in 1988 appellant

2

was convicted in Louisiana of committing indecent behavior with a ten-year-old girl and of committing indecent behavior with an eight-year-old girl. A fingerprint-identification expert testified that the print of appellant's left middle finger is identical to the print of the left middle finger of the Louis West convicted in Louisiana in 1988. The jury found appellant guilty as to each charged offense.

## II. ISSUES AND ANALYSIS

**A.    Did the trial court err in admitting evidence of the Louisiana convictions over appellant's objection under Texas Rule of Evidence 403?**

In his first issue appellant asserts that the trial court abused its discretion in concluding that the probative value of the Louisiana convictions was not substantially outweighed by a danger of unfair prejudice. Appellant contends the trial court erred in admitting evidence of the Louisiana convictions over his objection under Texas Rule of Evidence 403. Under article 38.37, section 2, notwithstanding Texas Rules of Evidence 404 and 405, and subject to article 38.37, section 2-a, evidence that a defendant has committed certain offenses against a child may be admitted in the trial of a defendant for indecency with a child "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." Tex. Code Crim. Proc. art. 38.37 § 2(b) (West, Westlaw through 2017 1st C.S.). Appellant does not complain on appeal that the trial court did not comply with article 38.37, section 2-a, that the trial court erred in applying article 38.37, section 2 to the Louisiana convictions, or that the evidence of the Louisiana convictions was not relevant under article 38.37, section 2. Thus, we presume, without deciding, that the trial court complied with article 38.37, section 2-a, that the trial court did not err in applying article 38.37, section 2 to the Louisiana convictions, and that the evidence of the Louisiana convictions was relevant under article 38.37,

3

section 2.

## 1. Preservation of Error

At a hearing outside the presence of the jury, just before opening statements, the State indicated that it wanted to mention the Louisiana convictions in its opening statements and that the State intended to introduce evidence of the Louisiana convictions during its case-in-chief in the guilt/innocence phase under article 38.37 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 38.37 (West, Westlaw through 2017 1st C.S.). Appellant's counsel stated that appellant's argument against the admission of this evidence was the argument set out in the brief appellant filed. In his brief, appellant had asserted that evidence of the Louisiana convictions should be excluded under Texas Rule of Evidence 403. The trial court stated that it understood appellant's argument and that the court was going to allow admission of this evidence. The trial court did not expressly overrule any objection or complaint regarding the admission of the Louisiana convictions. During the State's case-in-chief, the trial court admitted evidence of the Louisiana convictions, and appellant did not voice any objection. Shortly thereafter, appellant appears to have renewed his objection from the earlier hearing. The trial court stated that the evidence already had been admitted without objection and suggested that appellant's objection might be untimely. Nonetheless, the trial court overruled appellant's objection. We presume, without deciding, that appellant preserved error in the trial court and that he timely raised an objection to the admission of evidence of the Louisiana convictions under Texas Rule of Evidence 403 and obtained an adverse ruling.

## 2. Applicable Law

We review the trial court's decision to admit evidence for abuse of

4

discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). When evidence of a defendant's commission of one of the offenses listed in article 38.37, section 2(a) is relevant under article 38.37, the trial court still must conduct a Rule 403 balancing test upon proper objection or request. *Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Rule 403 authorizes a trial court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Tex. R. Evid. 403; *Distefano*, 532 S.W.3d at 31. In overruling a Rule 403 objection, a trial court is presumed to have performed a Rule 403 balancing test and to have determined that the evidence was admissible. *See Distefano*, 532 S.W.3d at 31. We presume that the probative value of relevant evidence substantially outweighs the danger of unfair prejudice from admission of that evidence. *See id*. at 32. It is therefore appellant's burden to demonstrate that the danger of unfair prejudice substantially outweighs the probative value. *See id*.

In reviewing the trial court's balancing determination under Rule 403, we are to "reverse the trial court's judgment rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); *Distefano*, 532 S.W.3d at 32. In determining whether the trial court abused its discretion in admitting the evidence, we balance the inherent probative force of the proffered item of evidence along with the proponent's need for that evidence against (1) any tendency of the evidence to suggest decision on an improper basis; (2) any tendency of the evidence to confuse or distract the jury from the main issues; (3) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (4) the likelihood that presentation of the evidence will consume an inordinate amount of

time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). These factors may well blend together in practice. *Id*. at 642.

### 3. *Inherent Probative Force of the Evidence*

The evidence of the Louisiana convictions consists of testimony by a fingerprint-identification expert showing that appellant is the same Louis West convicted in Louisiana in 1988 and documents from the Criminal District Court for the Parish of Orleans, Louisiana showing that (1) appellant was convicted in 1988 of committing indecent behavior with a juvenile, by committing a lewd or lascivious act upon a ten-year-old girl in May 1988; and (2) appellant was convicted in 1988 of committing indecent behavior with a juvenile, by committing a lewd or lascivious act upon an eight-year-old girl between January 1, 1987 and May 23, 1988. The evidence at trial did not provide any additional details regarding the conduct that formed the basis for either of these convictions.

Appellant notes that the conduct underlying the Louisiana convictions occurred approximately twenty-nine years before the trial in this case. Remoteness can lessen significantly the probative value of extraneous-offense evidence. *See Gaytan v. State*, 331 S.W.3d 218, 226 (Tex. App.—Austin 2011, pet. ref'd). Logically, the passage of time allows things and people to change. *See id*. Still, remoteness alone does not require the trial court to exclude evidence of an extraneous offense under Rule 403. *See id*. Rather, remoteness is but one aspect of an offense's probativeness the trial court is to consider along with the other factors in the Rule 403 analysis. *See id*. at 226–27.

The evidence shows that appellant committed a lewd or lascivious act upon a ten-year-old girl about twenty-nine years before the trial and that appellant

committed a lewd or lascivious act upon an eight-year-old girl twenty-nine to thirty years before trial. The remoteness in time of these extraneous offenses weighs in favor of excluding the evidence of them. On the other hand, appellant was charged in the present cases with indecency with a ten-year-old girl and indecency with a seven-year-old girl, and appellant concedes that "[t]he prior conviction in a similar, although remote, case as involved here certainly exerts an inherent probative force strongly serving to make more or less probable the existence of a fact of consequence to the litigation." *See id*. at 227 (stating that trial court reasonably could have found that evidence of similar extraneous offenses had inherent probative force).

### 4.    *The State's Need for the Evidence*

As to the State's need for the evidence of the Louisiana convictions, without proof of them, the State's case essentially would come down to the word of each complainant against appellant's.[1]  *See id*.  There was no physical evidence or eyewitness testimony supporting either complainant's allegations, and several of the State's witnesses (e.g., each of the outcry witnesses, the forensic interviewer, and the medical doctor) basically repeated what one or both of the complainants told them. *See id*.; *Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd).

Appellant asserts that the State's need for this evidence was slight because the State had the testimony of the outcry witnesses and Dr. Isaac's testimony regarding the complainants' answers to questions during his interview about what appellant had done. Appellant also asserts that the State had in its possession three

---

[1] We presume that when the trial court admitted evidence of the Louisiana convictions, appellant had not yet asserted any defensive theory. Nonetheless, appellant had pleaded that he was not guilty of each offense.

video recordings of interviews with each of the three children. Again, the relevant portions of this evidence essentially repeat all or part of each complainant's account of what appellant did to them. None of this evidence changes the lack of physical evidence or the absence of an eyewitness testifying as to what appellant did to the complainants. *See Gaytan*, 331 S.W.3d at 227. Appellant also asserts that the State's need for the evidence was slight because the responses of venire members to questions during voir dire show that the jurors would believe or strongly believe the testimony of a child that she was sexually abused. Presuming for the sake of argument that this is what the responses of venire members showed, the State posed these questions to the venire members in the abstract, and the responses do not change the lack of physical evidence or the absence of an eyewitness who could testify as to what appellant did to either complainant. *See id*. We conclude that the State's need for the evidence weighs in favor of admission.

### 5. *The Tendency to Suggest Decision on an Improper Basis*

Evidence that appellant previously committed a lewd or lascivious act upon a ten-year-old girl and upon an eight-year-old girl had a tendency to suggest a decision on an improper basis because that type of evidence is inflammatory and can be unfairly prejudicial. *See Robisheaux*, 483 S.W.3d at 220. Nonetheless, we note that this potential was ameliorated somewhat by the nature of the Louisiana convictions, the evidence of which showed sexual misconduct that was no more serious than the allegations forming the basis for the indictments against appellant in today's case. *See id*.

### 6. *The Tendency to Confuse or Distract the Jury from the Main Issues*

Appellant does not assert that the evidence of the Louisiana convictions had

any tendency to confuse or distract the jury from the main issues. This evidence was not confusing, and it was relevant to whether appellant committed the offenses charged in the indictments in today's case. Thus, we conclude that this factor weighs in favor of admission. *See Robisheaux*, 483 S.W.3d at 220–21.

### 7. *The Tendency of the Jury to Give the Evidence Undue Weight*

Appellant does not assert that there was any tendency for the evidence of the Louisiana convictions to be given undue weight by a jury that was not equipped to evaluate the probative force of the evidence. This evidence was not confusing and it was relevant to whether appellant committed the offenses charged in the indictments in today's case. The jury was equipped to evaluate the probative force of this evidence. We conclude that this factor weighs in favor of admission. *See id*.

### 8. *The Likelihood that the Presentation of the Evidence Would Consume an Inordinate Amount of Time or Merely Repeat Evidence Already Admitted*

Appellant does not assert that there was a likelihood that the presentation of the evidence of the Louisiana convictions would consume an inordinate amount of time or merely repeat evidence already admitted. The testimony of the fingerprint-identification expert consumed eleven pages of the reporter's record, and the exhibits were not voluminous. This evidence did not duplicate other evidence already admitted. Nor did the evidence go into the details of the conduct on which either of the Louisiana convictions was based. We conclude that this factor weighs in favor of admission. *See id*. at 221.

### 9. *The Conclusion*

Under the applicable standard of review, we conclude that the trial court did not abuse its discretion in determining that a danger of unfair prejudice, confusing

the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence did not substantially outweigh the probative value of the Louisiana convictions evidence. *See Distefano*, 532 S.W.3d at 31–34; *Robisheaux*, 483 S.W.3d at 217–21; *Gaytan*, 331 S.W.3d at 226–28. Accordingly, we overrule appellant's first issue.

## B. Did appellant preserve error as to his second and third issues?

During opening statements, the State told jurors that they would hear evidence that appellant committed the charged offenses. The State further stated that "this is not the first time this defendant has done something like that, and you'll hear evidence about that." In appellant's second issue, appellant complains about this reference to the Louisiana convictions during opening statements and asserts that this reference violated appellant's right to due process under the United States Constitution and his right to due course of law under the Texas Constitution. In his third issue, appellant complains that he was entitled to a limiting instruction during opening statements after the State referred to the Louisiana convictions and that the trial court's failure to give a limiting instruction at this time violated appellant's right to due process under the United States Constitution and his right to due course of law under the Texas Constitution.

The State responds that appellant failed to preserve error in the trial court on each of these issues. To preserve a complaint for appellate review, a party must present to the trial court a timely, specific request, objection, or motion, and obtain a ruling. Tex. R. App. P. 33.1(a). An appellate contention must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Even constitutional errors may be waived by failure to object at trial. *Broxton v. State*, 909 S.W.2d 912, 917–18 (Tex. Crim. App. 1995).

The record reflects that appellant did not voice any objection when the State

referred to the Louisiana convictions during opening statements. Appellant has not cited, and we have not found, any place in the trial court record in which appellant timely objected to the State's reference to the Louisiana convictions during opening statements as violating his right to either due process under the United States Constitution or due course of law under the Texas Constitution. Appellant asserts that he preserved error through the same trial brief that he asserts as his basis for preserving error on the first issue. Nowhere in that brief does appellant raise any objection to any statement by the State during opening statements.

Appellant has not cited, and we have not found, any place in the trial court record in which appellant (1) timely requested a limiting instruction during opening statements regarding the State's reference to the Louisiana convictions or (2) timely objected to the trial court's failure to give a limiting instruction during opening statements regarding the State's reference to the Louisiana convictions.

The record reflects that appellant did not timely voice in the trial court any of the complaints he raises in his second and third issues. We conclude appellant failed to preserve error as to these issues. *See id*. Accordingly, we overrule appellant's second and third issues.

We affirm the trial court's judgment.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Busby and Wise
Publish — Tex. R. App. P. 47.2(b).


11