**Affirm and Opinion Filed May 26, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00284-CR

**DALLAS LEO-SHANE TURPEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-82346-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Miskel

Dallas Leo-Shane Turpen appeals his conviction for continuous sexual abuse of a young child. Turpen objected to extraneous-offense testimony from two other witnesses who testified Turpen abused them as children, complaining that the evidence's probative value was substantially outweighed by the danger of unfair prejudice under Texas Rule of Evidence 403.

In his first issue, Turpen contends that the trial court failed to conduct the required Rule 403 balancing test, and that even if the trial court did balance the relevant factors, it was error to consider the objection pretrial rather than within the

trial as it unfolded. But under binding precedent, we presume that the trial court balanced the factors as required. And at the pretrial hearing, the trial court heard from four witnesses who synthesized all the essential evidence that would be offered at trial and provided sufficient information to rule on the objection.

In his second issue, Turpen challenges the merits of the trial court's ruling on the Rule 403 objection. We hold that the balance of the Rule 403 factors strongly favored admission in light of (1) the extraneous offenses' compelling value as propensity evidence that also rebutted a defensive theory, (2) the limits on the danger of unfair prejudice both by jury instructions and by comparison to the charged offense, (3) the State's ability to present the extraneous-offense evidence quickly so as to minimize jury distraction, and (4) the State's significant need to adduce evidence of guilt aside from the complainant's account of the abuse.

We affirm.

## I. BACKGROUND

The complainant in this case, "Lisa," is the daughter of "Marie." Turpen began dating Marie when Lisa was still a toddler. When Lisa was around ten years old, Turpen began to touch her genitals with his hands. Lisa told Marie what was happening early on, but Marie became so hysterically upset at the news that Lisa immediately recanted. The abuse died down for a short while, but Turpen eventually resumed touching her, and Lisa began to harm herself. According to trial testimony, Turpen's abuse had varying frequency over the years, with him sometimes abusing

–2–

her multiple nights in a row. The abuse lasted for roughly three years, until Lisa was around age 13, when she sent her mother a text message again disclosing what Turpen was doing to her. Marie told Turpen to leave the house and contacted a counselor at Lisa's school, who put her in touch with authorities.

Lisa was soon taken for a forensic interview at the local children's advocacy center, where she discussed the details of the abuse for the first time. Over the course of the investigation, two other witnesses—"Elizabeth" and "Kate"—came forward with allegations that Turpen had touched them during the time they had spent with him as children decades earlier, when Turpen was a preteen and a teenager.

Turpen was charged with continuous sexual abuse of a young child, to which he pleaded not guilty. At a pretrial hearing, the trial court received testimony from four witnesses: Elizabeth and Kate, who testified under Texas Code of Criminal Procedure article 38.37 as to the extraneous offenses that Turpen committed against them, plus the two witnesses who had heard Lisa disclose the abuse, Marie and the forensic interviewer. Turpen objected to Elizabeth and Kate's testimony on the ground that it was substantially more prejudicial than probative under Rule 403. After hearing the evidence and argument by both sides, the trial court overruled Turpen's Rule 403 objection and allowed Elizabeth and Kate to testify at trial.

At trial, the jury heard the evidence we have recounted above, as well as the details of the abuse. After both sides closed, the jury found Turpen guilty of

continuous sexual abuse of a young child. The trial court assessed punishment at thirty-five years and sentenced Turpen accordingly. He timely appealed.

## II. THE TRIAL COURT BALANCED THE RULE 403 FACTORS BASED ON SUFFICIENT INFORMATION

In his first issue, Turpen argues the trial court erred when it overruled his Rule 403 objection to Elizabeth and Kate's testimony about the extraneous offenses he committed against them. There are two strains of argument running through Turpen's first issue.

### A. The Trial Court Did Not Have to Explicitly State its Findings When Conducting the Balancing Test

First, Turpen argues that the trial court did not actually balance the Rule 403 factors as it was required to do. He says the failure to conduct this balancing exercise is revealed by the timing of the trial court's ruling, which he describes as an abrupt determination made immediately after the hearing evidence concluded, leaving the record silent as to the relevant factors.

Turpen's position runs counter to the presumptions that we make of a silent record when reviewing an objection under Rule 403. A Rule 403 analysis generally balances four factors, though they are not exclusive: (1) how probative the evidence is, (2) the potential of the evidence to impress the jury in some irrational but indelible way, (3) the time the proponent needs to develop the evidence, and (4) the proponent's need for the evidence. *Colone v. State*, 573 S.W.3d 249, 266 (Tex. Crim. App. 2019). "Rule 403 does not require that the trial court perform the

–4–

balancing test on the record." *Palmer v. State*, No. 05-19-01135-CR, 2021 WL 1049870, at *4 (Tex. App.—Dallas Mar. 19, 2021, no pet.) (mem. op., not designated for publication). "In overruling a Rule 403 objection, the trial court is assumed to have performed a Rule 403 balancing test and determined the evidence was admissible." *Id.* "[A] judge is presumed to engage in the required balancing test once Rule 403 is invoked[,] and we refuse to hold that the silence of the record implies otherwise." *Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997); *see Santellan v. State*, 939 S.W.2d 155, 173 (Tex. Crim. App. 1997) ("Although appellant asserts that the trial court did not perform the balancing test, the trial court *did not explicitly refuse to do the test*, it simply overruled appellant's Rule 403 objections." (Emphasis added)).

The presumption that the trial court balanced the factors, even without explicit mention, applies no less to a Rule 403 objection in an article 38.37 hearing. *See Distefano v. State*, 532 S.W.3d 25, 31–32 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.—Tyler 2015, no pet.). Because the record here is silent, we presume that the trial court properly conducted the Rule 403 balancing test off the record.

## B.     The Pretrial Hearing Provided Sufficient Information to Conduct the Rule 403 Balancing Test

Turpen's first issue also challenges whether the trial court had a sufficient basis to make an informed ruling. Turpen notes that the trial court here considered the Rule 403 objection before the State's case in chief began. He contends that in

order to make a sound ruling, the trial court would have, as a rule, needed to consider the objection in the middle of trial rather than pretrial so that it could know how the context of the ongoing arguments and evidence would inform the Rule 403 factors. As Turpen puts it, "Obviously, in order for the trial court to consider probative value or the State's need for evidence, the court must have a clear understanding of the evidence already presented, including any defensive attacks on that evidence."

The Texas Court of Criminal Appeals rejected any such categorical requirement to hear Rule 403 objections mid-trial in *State v. Mechler*, where it approved pretrial consideration of a Rule 403 objection. *See* 153 S.W.3d 435, 439–40 (Tex. Crim. App. 2005). The fact that a Rule 403 objection is considered pretrial rather than within an ongoing trial "does not warrant different treatment or a deviation from the established abuse-of-discretion review." *Id.* at 439. The opinion's only word of caution on considering a Rule 403 objection pretrial was that "in such instances a trial court often will not have enough information before it to adequately apply these factors and assess whether the contested evidence's probative value is substantially outweighed by its prejudicial effects." *Id.* at 440. However, the *Mechler* court concluded that no abuse of discretion was shown because "the trial court heard sufficient testimony at the suppression hearing necessary to properly evaluate the motion on Rule 403 grounds." *Id.*

The same is true here. The way that the suppression hearing unfolded shows that the trial court properly balanced the relevant factors based on sufficient information.

During the pretrial hearing, the trial court heard testimony from four witnesses: two outcry witnesses, who testified as to their conversations with the complainant Lisa and the abuse she described; and two article 38.37 witnesses, Elizabeth and Kate, who discussed how Turpen had similarly touched them in a sexual manner during the periods of their childhood that they had spent with him. The pretrial hearing took place over two days. After testimony from one outcry witness and Elizabeth on the first day, the trial court questioned the State on the issues involved in Rule 403 and stated that it wanted to research the issues further that evening. On the second day, the trial court received evidence from Kate and the other outcry witness. During this hearing, Turpen had the opportunity to draw out the prejudicial aspects of Elizabeth's and Kate's testimony through cross-examination.

These four witnesses presented a synopsis of all the most important evidence that would follow at trial, which would have acted as "a virtual surrogate for a trial record" through which the trial court could assess the interplay of the Rule 403 factors. *See State v. Villegas*, 506 S.W.3d 717, 731 (Tex. App.—El Paso 2016) (quoting *Mechler*, 153 S.W.3d at 442–43 (Cochran, J., concurring)), *pet. dism'd* 544 S.W.3d 375 (Tex. Crim. App. 2018). This hearing would have given the trial court

a clear sense of the most important testimony in the case and how the Rule 403 factors were reflected in it. And "given that the evidence in controversy largely speaks for itself"—with the probative and prejudicial dimensions of the evidence readily apparent—we cannot say that the trial court abused its discretion by deciding the Rule 403 objection at the conclusion of the pretrial hearing. *See id.* at 732.

We overrule Turpen's first issue.

### III. OVERRULING THE 403 OBJECTION WAS NOT ERROR

In his second issue, Turpen challenges the merits of the trial court's ruling on his Rule 403 objection to the evidence of his extraneous assaults. He maintains that these offenses were highly inflammatory and had limited relevance given that they were committed more than 20 years before trial, when he was, in his words, "a person with significantly less education, experience, and maturity than the one standing trial." Turpen further submits that the State had a limited need to introduce these offenses because the evidence otherwise would have been sufficient to sustain a conviction for continuous sexual abuse of a young child.

### A. Applicable Law

Although evidence of extraneous offenses is generally inadmissible to show character conformity, Texas Code of Criminal Procedure article 38.37 expressly makes such evidence admissible for any relevant purpose, including as proof of the defendant's character and propensity to act in conformity with such character, when the charged offense is continuous sexual abuse of a young child. TEX. CODE CRIM.

PROC. art. 38.37, § 2(a)(1)(B), (b); *Wishert v. State*, 654 S.W.3d 317, 330 (Tex. App.—Eastland 2022, pet. ref'd). When evidence of a defendant's extraneous acts is determined to be relevant and admissible under article 38.37, this evidence nonetheless remains subject to exclusion under Rule 403. *Dies v. State*, 649 S.W.3d 273, 284 (Tex. App.—Dallas 2022, pet. ref'd).

Under Rule 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Again, a Rule 403 analysis generally balances four factors: (1) how probative the evidence is, (2) the potential of the evidence to impress the jury in some irrational but indelible way, (3) the time the proponent needs to develop the evidence, and (4) the proponent's need for the evidence. *Colone*, 573 S.W.3d at 266. The balance is always slanted toward admission of relevant evidence, for Rule 403 carries a presumption that relevant evidence will generally be more probative than problematic. *See De La Paz v. State*, 279 S.W.3d 336, 343 & n.17 (Tex. Crim. App. 2009).

Probative value is the measure of how strongly the evidence serves to make more or less probable the existence of a fact of consequence to the litigation. *Dies*, 649 S.W.3d at 284. Unfair prejudice refers to a tendency to tempt the jury into finding guilt on an improper basis, such as an emotional one. *Id.*

"If judicial restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal." *See Montgomery v. State*, 810 S.W.2d 372, 379, 392 (Tex. Crim. App. 1990) (favorably quoting *United States v. Long*, 574 F.2d 761, 767 (3d Cir. 1978)). We reverse a trial court's determination under Rule 403 "rarely and only after a clear abuse of discretion," recognizing that the trial court is in a superior position to gauge the impact of the evidence. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022) (quoting *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)). The same standard applies when a Rule 403 objection to extraneous-offense evidence is considered before trial. *Mechler*, 153 S.W.3d at 439.

## B. The Evidence Was More Probative than Problematic

The Rule 403 balancing test weighs in favor of admitting the extraneous-offense evidence.

(1) The evidence was significantly probative. Turpen notes that the extraneous offenses occurred just over 20 years before the charged offense. Remoteness in time can lessen the probative value of extraneous-offense evidence because, "[l]ogically, the passage of time allows things and people to change." *West v. State*, 554 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Still, remoteness alone does not require exclusion; it is one aspect of probativeness, which itself is only one factor within the Rule 403 inquiry. *Id.* at 239–40. Despite the distance in time, the extraneous-offense evidence was highly relevant here, both as

compelling propensity evidence, *see Wells v. State*, 558 S.W.3d 661, 670 (Tex. App.—Fort Worth 2017, pet. ref'd), and to rebut Turpen's argument that Lisa imagined the abuse due to her mental health issues, *see Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd) (concluding that the evidence of extraneous child abuse was relevant to rebut an argument attacking the complainant's mental health). Furthermore, the similarities between Turpen's abuse of Elizabeth, Kate, and Lisa "strengthened the probative value" of the extraneous-offense evidence despite a gap of many years between the offenses. *See Dies*, 649 S.W.3d at 285; *West*, 554 S.W.3d at 240; *Fisk v. State*, 510 S.W.3d 165, 174 (Tex. App.—San Antonio 2016, no pet.). The extraneous-offense evidence thus had significant probative force.

(2) The extraneous-offense evidence did not create significant potential to impress the jury in an irrational but indelible way. "[E]vidence of previous child sexual abuse is inherently inflammatory by nature and, hence, can be prejudicial." *Dies*, 649 S.W.3d at 286. Yet any potential for unfair prejudice was diminished relatively by the fact that Elizabeth and Kate's allegations "were no more serious than" Lisa's. *See id.* Moreover, any tendency to draw impermissible inferences of guilt "can be minimized through a limiting instruction." *Beam v. State*, 447 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Here, the trial court instructed the jury that Turpen was on trial solely for the offense charged in the indictment, that it could find him guilty only of the charged offense, and that it could

–11–

not convict him solely because it believed he committed other similar acts. "We generally presume the jury follows the trial court's instructions in the manner presented," which mitigates the potential for prejudice. *See Garcia v. State*, 614 S.W.3d 749, 757 (Tex. Crim. App. 2019); *see also Hurst v. State*, No. 05-19-00747-CR, 2021 WL 3233868, at *7 (Tex. App.—Dallas July 29, 2021, no pet.) (mem. op., not designated for publication).

(3) The time the State needed to develop the evidence was not excessive. The third factor "looks to the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense." *Mechler*, 153 S.W.3d at 441. Together, Elizabeth's and Kate's testimony comprised about 12% of the State's case in chief (39 record pages out of the 309 total pages of testimony in the State's case). *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996) (determining that the length of the extraneous-offense testimony was not "excessive" where it constituted less than one-fifth of the State's case in chief). After hearing Elizabeth's and Kate's accounts during pretrial, the trial court could have reasonably anticipated that their evidence would not unduly distract the jury from the charged offense.

(4) The State's need for the evidence was great. This propensity evidence related to the central disputed issue in the case: whether the assaultive acts were committed. *See id.* at 520–21 (deeming the need for extraneous-offense evidence "very strong" where it related to a "hotly contested issue"). The State had little proof

–12–

to establish the acts other than Lisa's account, both through her own testimony and through an outcry witness. Turpen offered evidence that Lisa hallucinated the assaults and persuasively attacked her credibility, recall, and mental health. "It was, in essence, appellant's word against complainant's." *Dies*, 649 S.W.3d at 286. In "he said, she said" sexual molestation cases such as this, Rule 403 should be used sparingly to exclude relevant, otherwise admissible evidence that might bear on the credibility of either the defendant or the complainant. *Id.* (quoting *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009)). The State needed the evidence of similar extraneous acts to corroborate Lisa's account given the nature of the cross-examination of her credibility.

Because the balance of these factors favored the trial court's decision to admit Elizabeth's and Kate's testimony, we conclude that the trial court did not abuse its considerable discretion by allowing their testimony. We overrule Turpen's second issue.

## IV. CONCLUSION

The trial court's decision to overrule Turpen's Rule 403 objection and admit extraneous-offense testimony was not error. We affirm the judgment of conviction.

/Emily Miskel/
EMILY MISKEL
JUSTICE

220284f.p05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS LEO-SHANE TURPEN,
Appellant

No. 05-22-00284-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82346-
2021.
Opinion delivered by Justice Miskel.
Justices Molberg and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 26th day of May, 2023.