# Court of Appeals
## Tenth Appellate District of Texas

### 10-23-00232-CR

Anthony Dials,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Roy Sparkman, presiding
Trial Court Cause No. 2021-1282-C1

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## OPINION

A jury found Appellant, Anthony Dials, guilty of two counts of the felony offense of indecency with a child by contact and one count of the felony offense of indecency with a child by exposure. After finding the two allegations of prior felony convictions true, the jury assessed his punishment at thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice on each count of indecency with a child by

contact, and ten years confinement on the count of indecency with a child by exposure. The trial court sentenced Dials accordingly and ordered the two counts of indecency with a child by contact to run concurrently and the count of indecency with a child by exposure to run consecutively. This appeal ensued. We affirm.

BACKGROUND

Dials was tried for five counts: two counts of indecency with a child by contact; one count of indecency with a child by exposure; and two counts of exploitation of a child. The two victims, D.M. and K.J., are sisters whose grandmother was married to Dials. D.M. lived with her grandmother and Dials for several years. D.M. and K.J. both testified during the State's case-in-chief.

D.M. testified that when she was approximately 11 years old, Dials exposed his erect penis to her. She stated she told her grandmother about the incident, but the incident was not brought to the attention of law enforcement or anyone else until after an outcry by K.J. implicated Dials. On cross-examination, Dials's attorney questioned D.M. about the possibility that she misinterpreted the incident with Dials.

K.J. testified that during two different visits at her grandmother's house when she was around 11 years old, Dials touched her breast under her

clothing.  On cross-examination, Dials's attorney questioned K.J. about whether the incidents could have been horseplay.

Following the testimony by D.M. and K.J., the State argued that the door had been opened for the State to call D.T. to testify about an extraneous offense committed by Dials.  Dials objected, and a hearing was held outside the presence of the jury to determine whether the extraneous offense testimony should be allowed to be presented to the jury.  D.T.'s testimony included multiple incidents involving indecency with a child by touching and sexual assault of a child by penetration.  The trial court limited D.T.'s extraneous offense testimony to the incidents involving touching, excluding any testimony about the incidents involving sexual assault by penetration. The trial court gave a limiting instruction to the jury that D.T.'s testimony was to be considered for the purposes of intent and the defensive theory that D.M. and K.J. were lying.

Dials was found guilty of two counts of indecency with a child by contact and one count of indecency with a child by exposure.

STANDARD OF REVIEW

In two issues, Dials challenges the admission of testimony regarding an extraneous offense.  A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard.  *De La Paz v.*

*State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the court's ruling is within the "zone of reasonable disagreement," it will be upheld. *Id.* A trial court's ruling to admit an extraneous offense is generally within the zone of reasonable disagreement if 1) the extraneous transaction is relevant to a material, non-propensity issue and 2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading of the jury. *Id* at 344.

RELEVANCE AND RULE 404

To determine whether the trial court's ruling to admit the extraneous-offense testimony was within the zone of reasonable disagreement, we first determine whether the extraneous-offense evidence was relevant to a material, non-propensity issue. *See id.* Texas Rule of Evidence 404 states that evidence of a crime, wrong, or other act is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with that character. TEX. R. EVID. Rule 404. However, evidence of other crimes, wrongs, or acts may be admissible if it has relevance apart from its tendency to prove the character of a person in order to show that the person acted in accordance with that character. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990), on reh'g (June 19, 1991). This evidence may be admissible for another purpose, such as proving motive,

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. TEX. R. EVID. Rule 404(b). These exceptions listed under Rule 404(b) are not exhaustive. *See De La Paz v. State*, 279 S.W.3d at 343. Additionally, an extraneous offense may be admissible to rebut a defensive theory, but the extraneous offense must be similar to the charged one under this theory of admissibility. *See Newton v. State*, 301 S.W.3d 315, 317 (Tex. App.—Waco 2009, pet. ref'd).

In his first issue, Dials argues that the extraneous offense of Dials touching D.T.'s breasts lacks relevance to the charged offenses.[1] Specifically, he argues that the extraneous offense was not similar enough to the charged offense to be able to establish a modus operandi.[2] In its brief, the State argues that the theories of admissibility were not identity or modus operandi, but rather intent and rebutting the defensive theory of fabrication. This disagreement between the parties over the non-propensity issue the evidence was offered to address is of consequence because evidence to establish a modus operandi to prove identity requires a much higher degree of similarity

---

[1] As part of his first issue, Dials argues that the Rules of Evidence do not allow the trial court to carve out portions of the extraneous offense as admissible, while keeping out other portions deemed inadmissible, to "fit the perceived requirements of 404(b)." This was not argued at the trial court, and therefore was not properly preserved for appeal. *See* TEX. R. APP. P. 33.1; *Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

[2] Dials also argues that the extraneous offense was too remote to have been admitted. Remoteness is a consideration not when determining whether extraneous-offense evidence has relevance but rather when assessing whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice or similar concerns under Rule 403. *See Newton*, 301 S.W.3d at 318. Therefore, we will wait to address the remoteness argument until the Rule 403 analysis.

than the non-propensity issues of intent or rebutting the defensive theory of fabrication. *See Newton*, 301 S.W.3d at 317–18; *Plante v. State*, 692 S.W.2d 487, 493 (Tex. Crim. App. 1985). Therefore, we must first address the threshold question of what non-propensity issue the extraneous-offense evidence was offered to address before we can analyze whether the evidence was relevant to that non-propensity issue.

During a hearing outside the presence of the jury, Dials offered numerous theories to exclude the evidence, including that the evidence lacked probative value, was prejudicial, and that is improper character evidence. The State argued that the extraneous-offense evidence was admissible to prove intent, rebut the defensive theory that the victim misunderstood the defendant's actions, and rebut the defensive theory of false allegations or false testimony. When the evidence of the extraneous offense was offered in front of the jury, Dials objected on the basis that it was not relevant, was highly prejudicial with no probative value, and that it was too remote. The State argued that it goes to Dials's intent. Additionally, the limiting instruction given by the trial court at the time of the extraneous-offense testimony instructed the jury consider the testimony for the limited purpose of intent and the defensive theory that the victim is lying. Therefore, the

record supports that the extraneous-offense evidence was offered for the non-propensity issues of intent and rebutting the defense theory of fabrication.

To be admissible for intent or rebuttal of a fabrication defense, the extraneous misconduct must be at least similar to the charged one. *See Newton*, 301 S.W.3d at 317–18; *Plante*, 692 S.W.2d at 492. Here, Dials was an adult during both the extraneous offense and the charged offenses in this case. The victims were adolescent girls at the time of Dials's conduct towards them. Dials had access to the victims through relationships with their adult family members. Both the extraneous incident with D.T. and the charged incident with K.J. involved Dials touching the victim's breast. Therefore, we conclude the record shows sufficient similarities between the extraneous offense and the charged offense to establish the relevance of the extraneous-offense evidence to determine Dials's intent and to rebut the defensive theory of fabrication. *See Newton,* 301 S.W.3d at 317–18.

RULE 403 ANALYSIS

To determine whether the trial court's ruling to admit the extraneous-offense testimony was within the zone of reasonable disagreement, we next consider whether the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading of the jury. *De La Paz*, 279 S.W.3d at 344. Texas Rule of

Evidence 403 states that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. Rule 403. The rule envisions exclusion of evidence only when there is a "clear disparity between the degree of prejudice of the offered evidence and its probative value." *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). The Court of Criminal Appeals applies the following Rule 403 balancing test to extraneous offenses:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

In his second issue, Dials argues that the trial court abused its discretion by admitting extraneous offense evidence because the probative value was substantially outweighed by the danger of unfair prejudice. Dials asserts that he was unduly prejudiced because the extraneous offense occurred 24 years prior to this trial. Additionally, he reasserts that, even

with the limitations by the trial court of which details of the extraneous offense were admissible, the extraneous offense differed too greatly from the charged offense. In assessing whether the trial court abused its discretion by allowing evidence which the opponent of the evidence argues is substantially more prejudicial than probative, we look to the factors laid out in *Gigliobianco.* 210 S.W.3d at 641-42.

The first and second *Gigliobianco* factors help establish the probative value of the evidence by considering "(1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence." *See id* at 641. First, the "inherent probative force" refers to how strongly the evidence serves to make more or less probable the existence of a fact of consequence to the litigation. *See id.* Dials argues that extraneous offense was not highly probative due to its remoteness.[3] While remoteness of the extraneous-offense evidence can lessen its probative value, remoteness is only one aspect of an offense's probative value to consider along with the other factors in the Rule 403 analysis. *See Newton*, 301 S.W.3d at 320; *Gaytan v. State*, 331 S.W.3d 218, 226 (Tex. App.—Austin 2011, pet. ref'd); *West v. State*, 554 S.W.3d 234, 239–40 (Tex. App.—Houston [14th Dist.] 2018,

---

[3] Within his second issue, Dials also argues that the extraneous offense evidence differed too greatly from the charged offenses involving D.M. specifically. This argument was not made at the trial court, and therefore, has not been properly preserved. *See* TEX. R. APP. P. 33.1; *Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

no pet.). Second, the proponent's need for the evidence must be taken into consideration. *See Gigliobianco*, 210 S.W.3d at 641. Dials's attorney thoroughly developed the defensive theories of fabrication and mistaken intent during voir dire and the cross examination of both D.M. and K.J., asking both girls whether they could have misinterpreted Dials's actions and intent during the incidents. He also continued to emphasize these defensive theories in his cross-examinations of other witnesses and in his closing arguments. Dials contends that D.T.'s testimony was not necessary due to the number of other witnesses the State called to testify. As we have already discussed, D.T.'s testimony was admitted to rebut Dials's defensive theory of fabrication and to show his intent. While the State called many witnesses, none of the other witnesses could provide evidence to rebut the defensive theories put forward by Dials. *See Newton*, 301 S.W.3d at 320. Therefore, the trial court could have reasonably concluded that, despite the remoteness of the extraneous offense, the State's need for the evidence still demonstrated a relatively high probative value. *See Newton*, 301 S.W.3d at 320.

The remaining *Gigliobianco* factors address the dangers enumerated in Rule 403 that must substantially outweigh the probative value established by the first and second factors in order for the evidence to be excluded. *See Gigliobianco*, 210 S.W.3d at 641-42. In this case, the third, fourth, and fifth

factors have some overlap. *Id* at 642. These factors address whether the evidence has any tendency to (3) suggest decision on an improper basis, (4) confuse or distract the jury from the main issues, or (5) be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence. *Id* at 641. Extraneous-offense evidence of this nature can have a tendency to suggest a verdict on an improper basis because of the inherently inflammatory and prejudicial nature of crimes of a sexual nature committed against children. *See Newton*, 301 S.W.3d at 320. However, the extraneous-offense testimony discussed actions that were no more serious than the allegations in the indicted offenses. *See Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd). Additionally, the dangers of unfair prejudice, undue weight, or confusion of the issues were counter-balanced to some extent by the trial court's limiting instructions at the time the jury heard the evidence and in the jury charge, providing the jury with the purpose and scope for which they could consider the evidence. *See Blackwell v. State,* 193 S.W.3d 1, 17 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). We generally presume that a jury will follow the judge's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Finally, the sixth factor considers the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat

evidence already admitted. *Gigliobianco*, 210 S.W.3d at 641-42. The State spent minimal time developing D.T.'s testimony, and D.T.'s testimony was not cumulative or repetitive of other evidence. Therefore, while the extraneous-offense evidence may have been inherently inflammatory, the trial court could have reasonably concluded that it was not unfairly prejudicial.

Rule 403 "envisions exclusion of evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Hammer*, 296 S.W.3d at 568. We cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the extraneous-offense evidence and its probative value. Therefore, we cannot say the court abused its discretion by overruling Dials's Rule 403 objection.

Considering the foregoing evidence viewed in the light most favorable to the verdict, we conclude that the trial court did not abuse its discretion in admitting the extraneous offense testimony. Accordingly, we overrule Dials's first and second issues.

**Conclusion**

Having overruled Dials's two issues, we affirm the trial court's judgment.

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  May 1, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Affirmed
Publish
CRPM

